## WILLIARD v KILBOURNE et

Ohio Appeals, 2nd Dist, Franklin Co

No 3329. Decided July 22, 1941

Gugle & Gugle, Columbus, for appellant.

J. Paul McNamara, Columbus, and Barton Griffith, Columbus, for appellees.

## OPINION

By BARNES, J.

The above-entitled cause is now being determined as an error proceeding by reason of the appeal of Dr. George W. Williard, on questions of law.

Following the death of Grace D. Murnan and the appointment of R. W. Kilbourne as executor of her estate. Dr. George W. Williard presented to the executor an account for services in attending Mrs. Murnan as physician covering a period of thirty months in the sum of $32,900.00.

The executor, R. W. Kilbourne, being a son-in-law of the claimant, Dr. Williard. suggested to the Probate Court that due to his relationship he did not feel that he should take the responsibility of allowing the account.

At the suggestion of the Judge of the Probate Court an agreement was entered into for reference as provided for under §§10509-115, 10509-116, and 10509-117 GC. At the same time the court appointed J. Paul McNamara as special counsel to represent the estate of Grace D. Murnan in the matter of the claim of Dr. Williard. The aforementioned sections of the Code read as follows:

"Sec. 10509-115. DISPUTED CLAIMS. If the executor or administrator doubts the justice of any claim presented, and so verified, he may enter into an agreement in writing, with the claimant, to refer the matter in controversy to three disinterested persons, who must be approved by the probate judge."

"Sec. 10509-116. PROBATE JUDGE TO DOCKET AND REFER CAUSE. Upon filing the agreement of reference in the probate court of the county in which the letters were issued, the probate judge shall docket the cause, and make an order referring the matter in controversy to the referee so selected."

"Sec. 10509-117. REFERENCE OF CLAIM. The referees thereupon must proceed to hear and determine the matter, and make their report thereon to the probate court. The same proceed-

ings may be had before the referees, and they shall have the same powers and be entitled to the same compensation as if the reference were made under the provisions for arbitration under a rule of the Common Pleas Court. The court may set aside the report of the referees or appoint others in their places, or confirm such reports and adjudge costs, as in actions against administrators and executors. The judgment of the court thereupon shall be valid and effectual as in other cases."

Following the appointment of the referees the hearing proceeded through the taking of evidence following which the referees made a report finding for Dr. Williard in the sum of $9200.00, which report was filed in the Probate Court.

Within due time the claimant, Dr. Williard, filed motion to affirm the report and for judgment in the amount so found; J. Paul McNamara, special counsel for the executor, filed exceptions making claim that the amount of the award was excessive and asking that a remittitur be ordered, or, in the alternative, a second reference be made; the referees filed motion for allowance of fees. setting out in such motion a detailed statement of the nature of their services and the time consumed.

The court as disclosed by journalized entry sustained the motion of the claimant Dr. Williard and entered judgment in his favor in the sum of $9200; the motion of the executor made by special counsel McNamara, asking a remittitur or a re-reference was overruled; the referees were given an allowance of $300.00 each, or a total of $900.00, which was designated as costs chargeable against Dr. Williard and to be paid by the executor as a reduction against claimant's total judgment.

The judgment entry also provided for the payment of all costs by the claimant, including the court reporters' per diem and transcript.

Counsel for the claimant Dr. Williard then interposed motion for retaxing of costs. This motion included the item of referees' fees and also the court reporters' charges.

Following the hearing on the motion to retax costs in which evidence and citation of law were presented, the trial court overruled the motion in part and sustained the same in part. The finding and judgment of the court on allowance of referees' fees and designating them as costs chargeable against the claimant Dr. Williard was permitted to stand. No reference need be made as to modification made as to court reporters' fees since this question is not involved at this time.

Within due time counsel for claimant Dr. Williard filed notice of appeal on questions of law. No motion for new trial was filed nor bill of exceptions taken, so that we do not have the question on the weight of the evidence.

We assume that counsel for appellant concede the right of the Probate Court in a proper case to adjudge costs against a claimant even though he obtains a judgment for an amount considerably less than the amount claimed.

This procedure is apparently recognized in **18 O. Jur. p. 589, §476:**

"That administrators are exempt from the general rule imposing costs on the losing party has been recognized in Ohio."

**Sec. 10509-143 GC,** is particularly pertinent on this question of costs. Reference is also made to the case of **In re Estate of Butler, 137 Oh St 115.** (See Ohio Bar, June 24, 1940).

Appellant sets out in his brief five separately stated and numbered assignments of error. However, on page 6 of appellant's brief there appears the following:

"Since the assignments of error all bear on the one question as to the fixing of arbitrators' fees by the court and the taxation thereof as 'costs', all the assignments of error will be argued as one.

"Did the Probate Court have authority to fix the fees of arbitrators who were selected by the claimant and the

executor? And having fixed those fees, did the Probate Court have authority to tax or assess them as a part of the court costs?"

In short, it is the contention of counsel for the appellant that the Probate Court has no authority under any statutory law to allow referees' fees and charge them as costs.

The entire argument revolves around the following portion of the above quoted §10509-117 GC, "the same proceedings may be had before the referees, and they shall have the same powers, and be entitled to the same compensation as if the reference was made under the provisions for arbitration under a rule of the Common Pleas Court."

The difficulty arises when we search the Code for provisions for arbitrators under a rule of the Common Pleas Court and the allowance of compensation. This search discloses that the applicable sections had been repealed and no longer is there any provision for arbitration under a rule of the Common Pleas Court, nor any provision for compensation for arbitrators. Through a search of the history of pertinent legislation we find the following:

**Section 10509-117** was enacted in its present form by the Legislature on April 10, 1931, and became effective on the 1st day of January, 1932.

The section is identical in language with former §10721 GC. The provisions contained therein as "the same compensation" had reference to a former **§12160 GC.** The chapter on arbitration started with §12148 GC, and continued to §12160 GC, inclusive. Under said §12148 it was provided that parties to an arbitration agreement could make such submission a rule of court. **Sec. 12160** of the act provided that the arbitrators should receive for their services one dollar per day. On April 10, 1931, being the same day that the General Assembly repealed former §10721 and enacted the present §10509-117, effective on the first day of January, 1932, the General Assembly repealed the

entire arbitration act being §§12148 to 12160 GC, inclusive.

The repeal of §§12148 to 12160 GC, inclusive, became effective July 20, 1931, more than five months before the effective date of §10509-117 GC. The former chapters on arbitration were supplemented by §12148-1 et seq which completely revises the law of arbitration in Ohio. The new arbitration statutes which were in full force and effect when §10509-117 GC became effective make no provision for the compensation or arbitrators. Under this situation counsel for appellant ingeniously and persuasively urge that since costs are a creature of statute and there being no statutory provision for allowance of referees' fees and charging them as costs, that the court was without authority to make any such order. If this be the law it means the complete emasculating of these sections providing reference on disputed claims against estates for the reason that no referees would act knowing that they would not be paid and no court would ask them to act when no allowance for compensation could be made.

Counsel for appellant meets this situation with the argument that the referees are in fact arbitrators appointed by the interested parties and thereby would have a claim, severally and jointly against the interested parties for the reasonable value of their services. In support of this theory reference is made to the case of **Harris v Brand, 7 C. C. N.S., 105.** This case is not helpful for the reason that it involved a common law arbitration and in no sense an appointment by a court. We think there is no question that even under the facts presented in the instant case the parties could have entered into a common law agreement for arbitration and under such a situation the compensation of the arbitrators would have been claims against the parties severally and jointly.

**Child v Updyke, 9 Oh St 333.**

We are also referred to the case of **State v Auditor, 77 Oh St 333.**

This cited case involved the question as to whether or not fees paid to

an expert witness employed by the County Commissioners on the authority of the Prosecuting Attorney in a criminal action could be included as costs against the State. The Supreme Court held that the experts' fee could not be taxed as costs for the reason that there was no statutory provision for the payment other than by the County Commissioners.

Reference is also made to the case of **State ex Macek v Busher, Clerk of Court, 46 Oh Ap 148.** This case is authority for the proposition that Courts of Common Pleas may not provide by rule independent of statute for giving security for costs or a cash deposit at the time of filing answer.

We are also referred to the case of **Russell v Giles, 31 Oh St 293.** This decision goes to the point that a party recovering judgment can have included in his judgment his own costs but not the costs of the adversary. The pertinency of this decision is urged on the theory that the compensation of the referees is an original liability against both parties under their agreements for reference and hence even if the court had the power to allow fees that no more than one-half thereof could be adjudged against the plaintiff.

We are unable to agree with counsel for appellant's contention that there was an implied contract between the referees and the parties to the arbitration.

It is true that under the pertinent sections of the Code the court would have no right to appoint referees independent of an agreement of the parties so to do. The referees do not receive their authority by reason of the agreement to submit. This agreement to submit is essential to giving the court jurisdiction. The persons so selected are referees and not arbitrators. The sections of the statute expressly so state. Following the agreement the court dockets the cause and makes an order referring the matter in controversy to the referees so selected. This order of the Probate Court is the direct authority of the referees to act. Thereafter the referees must proceed to hear and determine and make their report to the Probate Court.

"The court may set aside the report of the referees or appoint others in their place, or confirm such report and adjudge costs as in actions against executors and administrators."

We now return to a discussion of the portion of §10509-117 which is involved in this hearing, "the same proceedings may be had before the referees, and they shall have the same powers, and be entitled to the same compensation as if the reference were made under the provisions for arbitration under a rule of the Common Pleas Court". The chapter of the Code pertaining to arbitration having been repealed and the substituted chapter not providing for arbitration under the rule of court or providing for compensation, must it be said thereby that the court has no authority to allow the fees of referees and charge them as costs?

We are unwilling to so determine without making further examination of other pertinent sections claimed to support the order and judgment of the trial court. What is the effect when a section or part of a section of a legislative enactment for various reasons can not operate? It sometimes happens that a paragraph of a section is determined unconstitutional without affecting the remainder of the section. Where a paragraph, as in the instant case, can not be operative, it is nothing more than a parenthetical clause, and in the instant case of such a character as not to affect the remainder of the act. Not being operative it may be looked upon as deleted until such time as the Legislature, if at all, amends or enacts new laws upon which the phrase can operate.

Sec. 10501-22 GC, reads as follows:

"Sec. 10501-22. RULES AND PROCEDURE OF COMMON PLEAS TO GOVERN. In the exercise of jurisdiction the probate judge shall have powers, perform the duties and be governed by the rules and regulations pro-

vided by law for the courts of common pleas and the judges thereof in vacation so far as they are consistent with laws in force. The provisions of law governing civil proceedings in the Court of Common Pleas so far as applicable, shall govern like proceedings in the Probate Court when there is no provision on the subject of this act."

We now look to the provisions of law governing civil proceedings in the Court of Common Pleas. We find that there is an applicable provision.

Sec. 11486 reads as follows:

"Sec. 11486. COMPENSATION OF. The referees shall be allowed such compensation for their services as the court deems just, which shall be taxed as a part of the costs in the case."

We can see no reason why the provisions of this section should not be given application.

We are constrained to the view that the judgment of the Probate Court should be affirmed.

The costs in this court will be adjudged against the appellant.

Entry may be prepared in accordance with this opinion.

GEIGER, PJ. and HORNBECK, J., concur.